FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

2016 MAR -9  PM 3: 49

MIDDLE ᴅⁱˢ ·  · ⁱˢᵀᴿⁱᶜᵀ ᶜᴼᵁᴿᵀ
        ORLANDO, FL

|  |  |
|---|---|
| JERRY HARVEY AUDIO HOLDING, LLC, and JERRY HARVEY AUDIO, LLC, | |
| | Case No. 6:16-cv-409-Orl-31(GJK) |
| **Plaintiffs,** | |
| v. | |
| 1964 EARS, LLC (WA), 1964 EARS, LLC (OR), 64 AUDIO INC, JOHN DOE d/b/a SUMPTUOUS STOCK, and DB AUDIO SYSTEMS & PRODUCTIONS INC, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

Plaintiffs JERRY HARVEY AUDIO HOLDING, LLC, and JERRY HARVEY AUDIO, LLC (collectively "JH Audio"), complain, upon knowledge as to selves and upon information and belief as to others, against Defendants 1964 EARS, LLC (WA), 1964 EARS, LLC (OR), 64 AUDIO INC (collectively "1964 Ears"), JOHN DOE d/b/a SUMPTUOUS STOCK ("Sumptuous Stock"), and DB AUDIO SYSTEMS & PRODUCTIONS INC ("DB Audio"), as follows:

### INTRODUCTION

1.     Mr. Jerry Harvey is a sound engineer with decades of experience working with some of the world's leading musicians, including U2, Madonna, Justin Timberlake, Maroon 5, Lady Gaga, Van Halen, Garth Brooks and Mick Jagger. Mr. Harvey is also an inventor, specifically of personal audio listening devices called "canalphones" that fit inside a user's ears (as opposed to headphones that rest on the outside of the user's ears). Mr. Harvey's inventions, for which he has applied for and received patents, include canalphones with dual bores and

canalphones with phase correction. Mr. Harvey makes and sells canalphones embodying his inventions through his Orlando, Florida, based business Jerry Harvey Audio.

2.      1964 Ears also makes and sells canalphones, some of which infringe Mr. Harvey's patents. John Doe d/b/a Sumptuous Stock and DB Audio Systems & Productions Inc are 1964 Ears' Authorized Dealers for the State of Florida and both offer for sale and sell to Florida residents 1964 Ears' infringing canalphones.

3.      JH Audio brings this action to stop Defendants from making, using, offering to sell, selling, or importing into the United States infringing canalphones, or from inducing or contributing to infringement, and to recover from Defendants damages to compensate for any and all acts of infringement they commit or have committed.

## NATURE OF THE SUIT

4.      This is a complaint for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

5.      Plaintiff Jerry Harvey Audio Holding, LLC, is a Florida limited liability company with its principal place of business at 111 West Jefferson Street, Suite 300, Orlando, FL 32801.

6.      Plaintiff Jerry Harvey Audio, LLC, is a Nevada limited liability company registered in Florida with its principal place of business at 111 West Jefferson Street, Suite 300, Orlando, FL 32801, the same principal place of business as Jerry Harvey Audio Holding, LLC.

7.      Defendant 1964 Ears, LLC (WA), is a Washington limited liability company with its principal place of business at 2811 E Evergreen Blvd, Vancouver, WA 98661.

8.      Defendant 1964 Ears, LLC (OR), is an Oregon limited liability company with its principal place of business at 7025 N Lombard St., Ste 100, Portland, OR 97203. "64 Audio" is

an assumed business name of 1964 Ears, LLC (OR).

9.      Defendant 64 Audio Inc is a Washington profit corporation with its principal place of business at 2811 E Evergreen Blvd, Vancouver, WA 98661.

10.     Defendant John Doe d/b/a Sumptuous Stock is an individual with a principal place of business in Riverview, Florida.

11.     Defendant DB Audio Systems & Productions Inc is a Florida profit corporation with its principal place of business at 9175 SW 20th St Apt D, Boca Raton, FL 33428.

**JURISDICTION, VENUE AND JOINDER**

12.     This Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

13.     Personal jurisdiction over Defendants is proper in this Court because Defendants reside in this State, have their principal place of business in this State, do business in this State, have significant contacts with this State, have made, used, offered to sell, sold, or imported infringing products in this State, have purposefully shipped or caused to be shipped infringing products into this State, or have committed acts in this State that are the subject of the counts set forth herein.

14.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

15.     Joinder of Defendants in this matter is proper under 35 U.S.C. § 299 because JH Audio's complaint arises, in part, out of their participation in the same transaction, occurrence, or series of transactions or occurrences.

## FACTUAL ALLEGATIONS

*The Parties*

16.     Plaintiff Jerry Harvey Audio Holding, LLC, holds title to Mr. Harvey's patents in this matter, United States Patents No. 8,567,555, 8,925,674 and 9,197,960. Plaintiff Jerry Harvey Audio, LLC, commercializes Mr. Harvey's patented inventions. Mr. Jerry Harvey is the founder, owner, and manager of both Plaintiffs and they are collectively referred to herein as "JH Audio."

17.     JH Audio designs, develops, manufactures, markets and sells various personal audio listening device products, including specifically canalphones. The individuals at JH Audio, including specifically Mr. Jerry Harvey who started the business and for whom it is named, have over 35 years of combined experience in live audio mixing and more than 20 years of designing and building canalphones for some of the world's leading musicians, including U2, Madonna, Justin Timberlake, Maroon 5, Aerosmith, Guns N' Roses, Van Halen, Lady Gaga, Foreigner, Alicia Keys, Rob Thomas, Garth Brooks, Stevie Wonder, Mick Jagger and others. JH Audio sells its products directly to customers and maintains a website at http://www.jhaudio.com/.

18.     Defendants 1964 Ears (WA), 1964 Ears (OR) and 64 Audio Inc operate together as a single business and are collectively referred to herein as "1964 Ears." 1964 Ears makes and sells canalphones. 1964 Ears maintains a website at http://www.64audio.com/ through which it advertises, offers and sells products to residents of this State and District. 1964 Ears also has a Kickstarter webpage at https://www.kickstarter.com/projects/1043330169/realloud-technology-that-saves-your-hearing-and-yo/ through which it advertises, offered and sold products to residents of this State and District.

19.     John Doe d/b/a Sumptuous Stock ("Sumptuous Stock") is an Authorized Dealer of 1964 Ears' products in this State. Sumptuous Stock works with 1964 Ears to offer to sell or sell

1964 Ears' products to residents in this State and District. For example, Sumptuous Stock maintains a website at http://www.sumptuoussound.com/ through which it advertises 1964 Ears' products to residents of this State and District.

20.      DB Audio Systems & Productions Inc ("DB Audio") is an Authorized Dealer of 1964 Ears' products in this State. DB Audio works with 1964 Ears to offer to sell or sell 1964 Ears' products to residents in this State and District.

*JH Audio's Canalphone Patents*

21.      JH Audio owns United States Patent No. 8,567,555 (the "'555 patent"), which is entitled "Dual Bore Canalphone System." The '555 patent issued on October 29, 2013. Mr. Harvey is the inventor of the '555 patent, a copy of which is attached hereto as Exhibit A.

22.      JH Audio owns United States Patent No. 8,925,674 (the "'674 patent"), which is entitled "Phase Correcting Canalphone System and Method." The '674 patent issued on January 6, 2015. Mr. Harvey is the inventor of the '674 patent, a copy of which is attached hereto as Exhibit B.

23.      JH Audio owns United States Patent No. 9,197,960 (the "'960 patent"), which is entitled "Phase Correcting Canalphone System and Method." The '960 patent issued on November 24, 2015. Mr. Harvey is the inventor of the '960 patent, a copy of which is attached hereto as Exhibit C.

24.      As described in the patents:

There are many different types of personal listening devices such as headphones, earbuds, canalphones, and/or the like. Headphones are personal listening devices that are held in close proximately to the ear by some support system. Earbuds are small personal listening devices that are positioned directly in front of the ear canal and are substantially smaller than a person's outer ear. Similarly, canalphones are personal listening devices that are substantially smaller than a person's outer ear, but they differ from earbuds in that they are placed directly in one end of the ear canal. Both earbuds and canalphones are held in positioned by

friction between the ear and the device rather than the support system found in most headphones. Canalphones may also be held in place by retainers that engage a portion of the listener's head.

Canalphones are also referred to as in-ear monitors due to how the canalphone is worn by a listener. In other words, a canalphone housing is worn in the ear of the user and not over and/or around the ear of the user. Some canalphones also serve as earplugs due to the way the canalphone limits noise external to the canalphone from entering the ear canal.

*See, e.g.*, '555 patent, col. 1, lns. 8-26.

25.     The '555 patent has a total of 20 claims. Claim 1 of the '555 patent claims:

A system comprising:

a high acoustical driver carried within a canalphone;

a low acoustical driver carried within the canalphone;

a one piece high frequency sound bore carried within the canalphone; and

a one-piece low frequency sound bore adjoining the high frequency sound bore to form a single unit prior to the sound bores being introduced to the canalphone, the one-piece low frequency sound bore and the one-piece high frequency sound bore each sized to fit between the low acoustical driver and the high acoustical driver, respectively,

the high acoustical driver to deliver sound through the one-piece high frequency sound bore to the canalphone's outlet and

the low acoustical driver to deliver sound through the one-piece low frequency sound bore to the canalphone's outlet.

'555 patent, col. 5, lns. 11-29.

26.     The '674 patent has a total of 21 claims. Claim 1 of the '674 patent claims:

A system comprising:

a high audio driver carried by a canalphone housing;

a low audio driver carried by the canalphone housing adjacent to the high audio driver; and

an acoustical-timer to phase correct a high audio signal from the

> high audio driver directed to the outside of the canalphone housing with delivery of a low audio signal from the low audio driver directed to the outside of the canalphone housing.

'674 patent, col. 12, lns. 30-38.

27.   The '960 patent has a total of 18 claims. Claim 1 of the '960 patent claims:

> A system comprising:
>
> a canalphone housing;
>
> a low audio sound-tube to carry a low audio signal to the canalphone housing's outside; and
>
> a high audio sound-tube to carry a high audio signal to the canalphone housing's outside, the high audio sound-tube phase corrected with respect to the low audio sound-tube by sizing it to be longer than the low audio sound-tube, and the high audio sound-tube's length is greater than 3 millimeters but less than 10 millimeters.

'960 patent, col. 12, lns. 26-35.

*1964 Ears' Infringing Products*

28.   1964 Ears makes, uses, offers to sell, sells, or imports various products, including canalphones. 1964 Ears' canalphones include its A-Series products A12, A10, A8 and A6, its U-Series products U12, U10, U8, and U6, and its V-Series products V8, V6-Stage, and V6 (the A12, A10, A8, A6, U12, U10, U8, U6, V8, V6-Stage and V6 collectively "Accused Canalphones").

29.   The pictures below show a representative A-Series canalphone, the A12. The first picture shows an A12 canalphone with its external housing intact. The second picture shows the internal components of the A12 canalphone after its external housing is removed.





30.     1964 Ears identifies "Features" of the A-Series canalphones on its website that

state, (i) the A12 has "Twelve precision balanced armature drivers" that are "4-low, 4-mid, 4-

high,"[1] (ii) the A10 has "Ten precision balanced armature drivers" that are "2-low, 4-mid, 4-high,"[2] (iii) the A8 has "Eight precision balanced armature drivers" that are "4-low, 2-mid, 2-high,"[3] and (iv) the A6 has "Six precision balanced armature drivers" that are "2-low, 2-mid, 2-high."[4]

31.     Images of the A10, A8 and A6 are not included herein because they are identical to the A12 for all purposes relevant to this complaint. The only difference between the A12 and the other A-Series Accused Canalphones is the number of armature drivers included in each, which is not a fact relevant to infringement of JH Audio's patents in this matter.

32.     The U-Series canalphones are universal-fit versions of the A-Series custom-fit canalphones. Whether a canalphone housing is custom-fit or universal-fit is not a fact relevant to infringement of JH Audio's patents in this matter. Thus, for all purposes relevant to this complaint, the U12 and A12 are identical, the U10 and A10 are identical, the U8 and A8 are identical, and the U6 and A6 are identical.

33.     The picture below shows a representative V-Series canalphone, the V8.



---

[1] See https://www.64audio.com/product/1964-A12-Custom-In-Ear-Monitor.
[2] See https://www.64audio.com/product/1964-A10-Custom-In-Ear-Monitor.
[3] See https://www.64audio.com/product/1964-A8-Custom-In-Ear-Monitor.
[4] See https://www.64audio.com/product/1964-A6-Custom-In-Ear-Monitor.

34.    1964 Ears identifies "Features" of the V-Series canalphones on its website that state, (i) the V8 has "Four Low, Two Mid, Two High Precision Tuned Armatures,"[5] and (ii) the V6-S has "Two Low, Two Mid, Two High Precision Tuned Armatures."[6]

35.    Images of the V6-Stage and V6 are not included herein because they are identical to the V8 for all purposes relevant to this complaint. The only difference between the V8 and the other V-Series Accused Canalphones is the number of armature drivers included in each, which is not a fact relevant to infringement of JH Audio's patents in this matter.

**FIRST COUNT FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 8,567,555 BY 1964 EARS**

36.    JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

37.    1964 Ears makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '555 patent or induces or contributes to infringement of JH Audio's '555 patent in this State and District and elsewhere in the United States.

38.    At least each of the Accused Canalphones infringe the '555 patent, but this complaint is not limited to just those identified products. 1964 Ears may have other products, in the past, currently, or in the future, that also infringe the '555 patent.

39.    For example, the Accused Canalphones infringe at least claim 1 of the '555 patent because each contains every element of claim 1 of the '555 patent either literally or under the Doctrine of Equivalents. While only claim 1 of the '555 patent is discussed in detail herein, 1964 Ears has and continues to infringe other claims of the '555 patent directly, either literally or under the Doctrine of Equivalents, or indirectly, by inducing or contributing to infringement of

---

[5] See https://www.64audio.com/product/1964-V8-Custom-In-Ear-Monitor.
[6] See https://www.64audio.com/product/1964-V6-Custom-In-Ear-Monitor.

other claims of the '555 patent.

40.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have an outer shell that houses various components. 1964 Ears' website cited above states that each has "Features" that include at least one high driver and at least one low driver. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have both "a high acoustical driver carried within a canalphone" and "a low acoustical driver carried within the canalphone," satisfying the first and second elements of claim 1 of the '555 patent.

41.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have various sound bores to carry audio signals from various armature drivers to the outside of the canalphone housing. One of the bores in each is connected to high audio armature drivers. That bore can carry a high audio signal produced by the high audio drivers to the outside of the housing of the canalphone. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have "a one piece high frequency sound bore carried within the canalphone," satisfying the third element of claim 1 of the '555 patent.

42.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have various sound bores to carry audio signals from various armature drivers to the outside of the canalphone housing. One of the bores in each is connected to low audio armature drivers. That bore can carry a low audio signal produced by the low audio drivers to the outside of the housing of the canalphone. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have "a one piece low frequency sound bore," satisfying the first part of the fourth element of claim 1 of the '555 patent.

43.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show that the low frequency sound bore and high frequency sound bore are adjacent and formed

as a single unit before being installed in to the canalphone housing. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have "a one-piece low frequency sound bore adjoining the high frequency sound bore to form a single unit prior to the sound bores being introduced to the canalphone," satisfying the second part of the fourth element of claim 1 of the '555 patent.

44.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show that the low frequency sound bore and the high frequency sound bore are both one-piece and of such a size that they fit between the low frequency driver and high frequency driver, respectively. Thus, in the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6, "the one-piece low frequency sound bore and the one-piece high frequency sound bore each sized to fit between the low acoustical driver and the high acoustical driver, respectively," satisfying the third part of the fourth element of claim 1 of the '555 patent.

45.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show that the high driver is connected to the high frequency sound bore so that sound produced by the high driver is delivered to the outlet of the canalphone. Thus, in the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6, "the high acoustical driver to deliver sound through the one-piece high frequency sound bore to the canalphone's outlet," satisfying the fifth element of claim 1 of the '555 patent.

46.    The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show that the low driver is connected to the low frequency sound bore so that sound produced by the low driver is delivered to the outlet of the canalphone. Thus, in the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6, "the low acoustical driver to deliver sound through the one-piece low frequency sound bore to the canalphone's outlet," satisfying the sixth element of claim 1 of the '555 patent.

47.     Because 1964 Ears' A12, A10, A8, A6, V8, V6-Stage and V6 canalphones each contain every element of claim 1 of the '555 patent, they each infringe the '555 patent. The Accused Canalphones also infringe other claims of the '555 patent.

48.     Because the U-Series canalphones are indistinguishable from the A-Series canalphones in any way relevant to infringement of the '555 patent, the U12, U10, U8, and U6 canalphones also infringe the '555 patent, including specifically claim 1 of the '555 patent, for the same reasons the A12, A10, A8 and A6 canalphones infringe.

49.     1964 Ears' infringement of the '555 patent will continue unless and until enjoined by the Court.

50.     1964 Ears' infringement of the '555 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

51.     No later than upon receipt of this Complaint, 1964 Ears has had knowledge of the '555 patent. The infringement by 1964 Ears of the '555 patent was and is deliberate and willful, entitling JH Audio to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

52.     While the above discussion mentions the Accused Canalphones, JH Audio's complaint against 1964 Ears is not limited to just those products. This complaint is also not limited to only the specific claims of the '555 patent or the specific acts of infringement of 1964 Ears discussed herein.

## SECOND COUNT FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 8,567,555 BY SUMPTUOUS STOCK

53.     JH Audio incorporates by reference the preceding paragraphs as if fully set forth

herein.

54.     Sumptuous Stock makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '555 patent or induces or contributes to infringement of JH Audio's '555 patent in this State and District and elsewhere in the United States.

55.     As one example, Sumptuous Stock is an Authorized Dealer of 1964 Ears' products and, as such, works with 1964 Ears to make, use, offer to sell or sell 1964 Ears' products that infringe the '555 patent, including the Accused Canalphones. Sumptuous Stock thus infringes the '555 patent directly.

56.     1964 Ears and Sumptuous Stock are jointly and severally liable for Sumptuous Stock's acts of infringement.

57.     Some of 1964 Ears' and Sumptuous Stock's acts of infringement are with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

58.     Questions of fact common to 1964 Ears and Sumptuous Stock exist and will arise in this action.

59.     Sumptuous Stock's infringement of the '555 patent will continue unless and until enjoined by the Court.

60.     Sumptuous Stock's infringement of the '555 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

61.     No later than upon receipt of this Complaint, Sumptuous Stock has had knowledge of the '555 patent. Sumptuous Stock's infringement of the '555 patent with such knowledge is willful and deliberate.

62.     While the above discussion mentions the Accused Canalphones, JH Audio's complaint against Sumptuous Stock is not limited to just those products. This complaint is also not limited to only the specific claims of the '555 patent or the specific acts of infringement of Sumptuous Stock discussed herein.

### THIRD COUNT FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 8,567,555 BY DB AUDIO

63.     JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

64.     DB Audio makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '555 patent or induces or contributes to infringement of JH Audio's '555 patent in this State and District and elsewhere in the United States.

65.     As one example, DB Audio is an Authorized Dealer of 1964 Ears' products and, as such, works with 1964 Ears to make, use, offer to sell or sell 1964 Ears' products that infringe the '555 patent, including the Accused Canalphones. DB Audio thus infringes the '555 patent directly.

66.     1964 Ears and DB Audio are jointly and severally liable for DB Audio's acts of infringement.

67.     Some of 1964 Ears' and DB Audio's acts of infringement are with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same

accused product or process.

68.     Questions of fact common to 1964 Ears and DB Audio exist and will arise in this action.

69.     DB Audio's infringement of the '555 patent will continue unless and until enjoined by the Court.

70.     DB Audio's infringement of the '555 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

71.     No later than upon receipt of this Complaint, DB Audio has had knowledge of the '555 patent. DB Audio's infringement of the '555 patent with such knowledge is willful and deliberate.

While the above discussion mentions the Accused Canalphones, JH Audio's complaint against DB Audio is not limited to just those products. This complaint is also not limited to only the specific claims of the '555 patent or the specific acts of infringement of DB Audio discussed herein.

**FOURTH COUNT FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 8,925,674 BY 1964 EARS**

72.     JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

73.     1964 Ears makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '674 patent or induces or contributes to infringement of JH Audio's '674 patent in this State and District and elsewhere in the United States.

74.     At least each of the Accused Canalphones infringe the '674 patent, but this complaint is not limited to just those identified products. 1964 Ears may have other products, in the past, currently, or in the future, that also infringe the '674 patent.

75.     For example, the Accused Canalphones infringe at least claim 1 of the '674 patent because each contains every element of claim 1 of the '674 patent either literally or under the Doctrine of Equivalents. While only claim 1 of the '674 patent is discussed in detail herein, 1964 Ears has and continues to infringe other claims of the '674 patent directly, either literally or under the Doctrine of Equivalents, or indirectly, by inducing or contributing to infringement of other claims of the '674 patent.

76.     The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have an outer shell that houses various components. 1964 Ears' website cited above states that each has "Features" that include at least one high audio driver. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have, "a high audio driver carried by a canalphone housing," satisfying the first element of claim 1 of the '674 patent.

77.     1964 Ears' website cited above states that each has "Features" that include at least one low audio driver. The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show that at least one low audio driver within the canalphone that is adjacent to at least one high audio driver. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have, "a low audio driver carried by the canalphone housing adjacent to the high audio driver," satisfying the second element of claim 1 of the '674 patent.

78.     The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have various sound tubes to carry audio signals from various armature drivers to the outside of the canalphone housing. One tube is connected to high audio drivers and another tube

is connected to low audio drivers. The tube connected to the high audio drivers can carry a high audio signal produced by the high audio drivers to the outside of the housing of the canalphone and the tube connected to the low audio drivers can carry a low audio signal produced by the low audio drivers to the outside of the housing of the canalphone. The images also show that the length of the tube to carry the high audio signal is longer than the tube to carry the low audio signal. This difference in length is an acoustical-timer to phase correct the high audio signal with the low audio signal. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have, "an acoustical-timer to phase correct a high audio signal from the high audio driver directed to the outside of the canalphone housing with delivery of a low audio signal from the low audio driver directed to the outside of the canalphone housing," satisfying the third element of claim 1 of the '674 patent.

79.    Because 1964 Ears' A12, A10, A8, A6, V8, V6-Stage and V6 canalphones each contain every element of claim 1 of the '674 patent, they each infringe the '674 patent. The Accused Canalphones also infringe other claims of the '674 patent.

80.    Because the U-Series canalphones are indistinguishable from the A-Series canalphones in any way relevant to infringement of the '674 patent, the U12, U10, U8, and U6 canalphones also infringe the '674 patent, including specifically claim 1 of the '674 patent, for the same reasons the A12, A10, A8 and A6 canalphones infringe.

81.    1964 Ears' infringement of the '674 patent will continue unless and until enjoined by the Court.

82.    1964 Ears' infringement of the '674 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event

less than a reasonable royalty.

83.     No later than upon receipt of this Complaint, 1964 Ears has had knowledge of the '674 patent. The infringement by 1964 Ears of the '674 patent was and is deliberate and willful, entitling JH Audio to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

84.     While the above discussion mentions the Accused Canalphones, JH Audio's complaint against 1964 Ears is not limited to just those products. This complaint is also not limited to only the specific claims of the '674 patent or the specific acts of infringement of 1964 Ears discussed herein.

## FIFTH COUNT FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 8,925,674 BY SUMPTUOUS STOCK

85.     JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

86.     Sumptuous Stock makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '674 patent or induces or contributes to infringement of JH Audio's '674 patent in this State and District and elsewhere in the United States.

87.     As one example, Sumptuous Stock is an Authorized Dealer of 1964 Ears' products and, as such, works with 1964 Ears to make, use, offer to sell or sell 1964 Ears' products that infringe the '674 patent, including the Accused Canalphones. Sumptuous Stock thus infringes the '674 patent directly.

88.     1964 Ears and Sumptuous Stock are jointly and severally liable for Sumptuous Stock's acts of infringement.

89.     Some of 1964 Ears' and Sumptuous Stock's acts of infringement are with respect

to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

90.     Questions of fact common to 1964 Ears and Sumptuous Stock exist and will arise in this action.

91.     Sumptuous Stock's infringement of the '674 patent will continue unless and until enjoined by the Court.

92.     Sumptuous Stock's infringement of the '674 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

93.     No later than upon receipt of this Complaint, Sumptuous Stock has had knowledge of the '674 patent. Sumptuous Stock's infringement of the '674 patent with such knowledge is willful and deliberate.

94.     While the above discussion mentions the Accused Canalphones, JH Audio's complaint against Sumptuous Stock is not limited to just those products. This complaint is also not limited to only the specific claims of the '674 patent or the specific acts of infringement of Sumptuous Stock discussed herein.

## SIXTH COUNT FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 8,925,674 BY DB AUDIO

95.     JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

96.     DB Audio makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '674 patent or induces or

contributes to infringement of JH Audio's '674 patent in this State and District and elsewhere in the United States.

97.     As one example, DB Audio is an Authorized Dealer of 1964 Ears' products and, as such, works with 1964 Ears to make, use, offer to sell or sell 1964 Ears' products that infringe the '674 patent, including the Accused Canalphones. DB Audio thus infringes the '674 patent directly.

98.     1964 Ears and DB Audio are jointly and severally liable for DB Audio's acts of infringement.

99.     Some of 1964 Ears' and DB Audio's acts of infringement are with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

100.     Questions of fact common to 1964 Ears and DB Audio exist and will arise in this action.

101.     DB Audio's infringement of the '674 patent will continue unless and until enjoined by the Court.

102.     DB Audio's infringement of the '674 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

103.     No later than upon receipt of this Complaint, DB Audio has had knowledge of the '674 patent. DB Audio's infringement of the '674 patent with such knowledge is willful and deliberate.

104.   While the above discussion mentions the Accused Canalphones, JH Audio's complaint against DB Audio is not limited to just those products. This complaint is also not limited to only the specific claims of the '674 patent or the specific acts of infringement of DB Audio discussed herein.

**SEVENTH COUNT FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 9,197,960 BY 1964 EARS**

105.   JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

106.   1964 Ears makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '960 patent or induces or contributes to infringement of JH Audio's '960 patent in this State and District and elsewhere in the United States.

107.   At least each of the Accused Canalphones infringe the '960 patent, but this complaint is not limited to just those identified products. 1964 Ears may have other products, in the past, currently, or in the future, that also infringe the '960 patent.

108.   For example, the Accused Canalphones infringe at least claim 1 of the '960 patent because each contains every element of claim 1 of the '960 patent either literally or under the Doctrine of Equivalents. While only claim 1 of the '960 patent is discussed in detail herein, 1964 Ears has and continues to infringe other claims of the '960 patent directly, either literally or under the Doctrine of Equivalents, or indirectly, by inducing or contributing to infringement of other claims of the '960 patent.

109.   The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have an outer shell that houses various components. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have a "canalphone housing," satisfying the first element of

claim 1 of the '960 patent.

110.     The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have various sound tubes to carry audio signals from various armature drivers to the outside of the canalphone housing. One of the tubes in each is connected to low audio armature drivers. That tube can carry a low audio signal produced by the low audio drivers to the outside of the housing of the canalphone. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have, "a low audio sound-tube to carry a low audio signal to the canalphone housing's outside," satisfying the second element of claim 1 of the '960 patent.

111.     The images of representative 1964 Ears A-Series and V-Series canalphones *supra* show they have various sound tubes to carry audio signals from various armature drivers to the outside of the canalphone housing. One of the tubes in each is connected to high audio armature drivers. That tube can carry a high audio signal produced by the high audio drivers to the outside of the housing of the canalphone. The images also show that the length of the tube to carry the high audio signal is longer than the tube to carry the low audio signal. The length of the tube to carry the high audio signal is, literally or equivalently, between 3 and 10 millimeters in length. Thus, the A12, A10, A8 and A6 as well as the V8, V6-Stage and V6 have, "a high audio sound-tube to carry a high audio signal to the canalphone housing's outside, the high audio sound-tube phase corrected with respect to the low audio sound-tube by sizing it to be longer than the low audio sound-tube, and the high audio sound-tube's length is greater than 3 millimeters but less than 10 millimeters," satisfying the third element of claim 1 of the '960 patent.

112.     Because 1964 Ears' A12, A10, A8, A6, V8, V6-Stage and V6 canalphones each contain every element of claim 1 of the '960 patent, they each infringe the '960 patent. The Accused Canalphones also infringe other claims of the '960 patent.

113. Because the U-Series canalphones are indistinguishable from the A-Series canalphones in any way relevant to infringement of the '960 patent, the U12, U10, U8, and U6 canalphones also infringe the '960 patent, including specifically claim 1 of the '960 patent, for the same reasons the A12, A10, A8 and A6 canalphones infringe.

114. 1964 Ears' infringement of the '960 patent will continue unless and until enjoined by the Court.

115. 1964 Ears' infringement of the '960 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

116. No later than upon receipt of this Complaint, 1964 Ears has had knowledge of the '960 patent. The infringement by 1964 Ears of the '960 patent was and is deliberate and willful, entitling JH Audio to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

117. While the above discussion mentions the Accused Canalphones, JH Audio's complaint against 1964 Ears is not limited to just those products. This complaint is also not limited to only the specific claims of the '960 patent or the specific acts of infringement of 1964 Ears discussed herein.

## EIGHTH COUNT FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 9,197,960 BY SUMPTUOUS STOCK

118. JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

119. Sumptuous Stock makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '960 patent or

induces or contributes to infringement of JH Audio's '960 patent in this State and District and elsewhere in the United States.

120.   As one example, Sumptuous Stock is an Authorized Dealer of 1964 Ears' products and, as such, works with 1964 Ears to make, use, offer to sell or sell 1964 Ears' products that infringe the '960 patent, including the Accused Canalphones. Sumptuous Stock thus infringes the '960 patent directly.

121.   1964 Ears and Sumptuous Stock are jointly and severally liable for Sumptuous Stock's acts of infringement.

122.   Some of 1964 Ears' and Sumptuous Stock's acts of infringement are with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

123.   Questions of fact common to 1964 Ears and Sumptuous Stock exist and will arise in this action.

124.   Sumptuous Stock's infringement of the '960 patent will continue unless and until enjoined by the Court.

125.   Sumptuous Stock's infringement of the '960 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

126.   No later than upon receipt of this Complaint, Sumptuous Stock has had knowledge of the '960 patent. Sumptuous Stock's infringement of the '960 patent with such knowledge is willful and deliberate.

127.    While the above discussion mentions the Accused Canalphones, JH Audio's complaint against Sumptuous Stock is not limited to just those products. This complaint is also not limited to only the specific claims of the '960 patent or the specific acts of infringement of Sumptuous Stock discussed herein.

### NINTH COUNT FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 9,197,960 BY DB AUDIO

128.    JH Audio incorporates by reference the preceding paragraphs as if fully set forth herein.

129.    DB Audio makes, uses, offers for sale, sells, or imports products in this State and District and elsewhere in the United States that infringe JH Audio's '960 patent or induces or contributes to infringement of JH Audio's '960 patent in this State and District and elsewhere in the United States.

130.    As one example, DB Audio is an Authorized Dealer of 1964 Ears' products and, as such, works with 1964 Ears to make, use, offer to sell or sell 1964 Ears' products that infringe the '960 patent, including the Accused Canalphones. DB Audio thus infringes the '960 patent directly.

131.    1964 Ears and DB Audio are jointly and severally liable for DB Audio's acts of infringement.

132.    Some of 1964 Ears' and DB Audio's acts of infringement are with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

133.    Questions of fact common to 1964 Ears and DB Audio exist and will arise in this action.

134.   DB Audio's infringement of the '960 patent will continue unless and until enjoined by the Court.

135.   DB Audio's infringement of the '960 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, including all of its lost profits, and in no event less than a reasonable royalty.

136.   No later than upon receipt of this Complaint, DB Audio has had knowledge of the '960 patent. DB Audio's infringement of the '960 patent with such knowledge is willful and deliberate.

While the above discussion mentions the Accused Canalphones, JH Audio's complaint against DB Audio is not limited to just those products. This complaint is also not limited to only the specific claims of the '960 patent or the specific acts of infringement of DB Audio discussed herein.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants and against each of their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with any of them, granting the following relief:

A.   The entry of judgment in favor of Plaintiffs and against Defendants for infringement of the '555 patent;

B.   The entry of judgment in favor of Plaintiffs and against Defendants for infringement of the '674 patent;

C.   The entry of judgment in favor of Plaintiffs and against Defendants for

infringement of the '960 patent;

      D.     A finding that Defendants' infringement of the '555 patent has been willful;

      E.     A finding that Defendants' infringement of the '674 patent has been willful;

      F.     A finding that Defendants' infringement of the '960 patent has been willful;

      G.     A permanent injunction prohibiting further infringement of the '555 patent by Defendants and their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with any of them;

      H.     A permanent injunction prohibiting further infringement of the '674 patent by Defendants and their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with any of them;

      I.     A permanent injunction prohibiting further infringement of the '960 patent by Defendants and their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with any of them;

      J.     An award of damages against Defendants adequate to compensate Plaintiffs for the infringement that has occurred, including all of Plaintiffs' lost profits, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, and interest and costs;

      K.     An award of enhanced damages against Defendants to Plaintiffs as permitted by 35 U.S.C. § 284;

      L.     A finding that this case is exceptional and an award to Plaintiffs of their reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

      M.     Such other relief to which Plaintiffs are entitled under the law and any other and further relief that the Court or a jury may deem just and proper.

Dated: March 8, 2016

Respectfully submitted,

Daniel B. Ravicher – **Trial Counsel**
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*